U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

JUN 21 2006

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 05-142-01SM |
| | ) |
| DONALD MCMULLIN | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) and Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Thomas P. Colantuono, United States Attorney for the District of New Hampshire, and the defendant, Donald McMullin, and the defendant's attorney, Jonathan R. Saxe, enter into the following conditional Plea Agreement:

1. **The Plea and The Offense**.

The defendant agrees to plead guilty to Counts One ~~and Two~~ of the indictment charging the defendant with being an Unlawful User in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(3) and Counts Three ~~and Four~~ of the indictment charging the defendant with being an Unlawful User in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(3).

In exchange for the defendant's plea of guilty, the United States agrees to dismiss Counts Two and Four, Five and Six (Possession of a Controlled Substance: Marijuana), and Count Seven (Possession of a Machine Gun) of the indictment and agrees to recommend a sentence at the low end of the applicable advisory guidelines

-1-

range or 24 months, whichever is greater.

   2. **The Statute and Elements of the Offense**.

   A. **Unlawful user in Possession of a Firearm and/or Ammunition.**

Title 18, United States Code, Section 922 (g)(3) provides, in pertinent part:

> It shall be unlawful for any person-
>
> (3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substance Act (21 U.S.C. 802)); to ...possess in or affecting commerce, any firearm or ammunition;

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that Donald McMullin was an unlawful user of a controlled substance as defined in section 102 of the Controlled Substance Act.

Second, that at the time Donald McMullin was an unlawful user, he knowingly possessed the firearms and ammunition described in the indictment. [The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.]

Third, that the firearm and ammunition were connected with interstate commerce. This means that the firearm and ammunition,

at any time after it was manufactured, moved from one state to another. The travel need not have been connected to the charge in the indictment and need not have been in furtherance of any unlawful activity.

**This charge is based upon <u>United States v. Bartelho, 71 F.3d 436, 439 (1st Cir. 1995)</u>.**

    3.  **<u>Penalties</u>**.

The defendant understands that the penalties for the offense(s) are:

    A.    A maximum prison term of 10 years;

    B.    A maximum fine of $250,000(18 U.S.C. §3571);

    C.    A mandatory special assessment of $100.00 for each count of conviction which the defendant agrees to pay at or before the time of sentencing; and

    D.    A term of supervised release of not less than two years and not more than three years.  The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. §3583).

In addition to the other penalties provided by law, the Court may also order the defendant to pay restitution to the

victim of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

4.  **<u>Sentencing and Application of the Sentencing Guidelines</u>**.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines.  The defendant further understands that the defendant has no right to withdraw the defendant's guilty plea if the applicable advisory guideline range or the defendant's sentence is other than the defendant anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

- A.  advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;
- B.  respond to questions from the Court;
- C.  correct any inaccuracies in the pre-sentence report;
- D.  respond to any statements made by the defendant or the defendant's counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant is aware that any estimate of the probable

sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

    5.    **Stipulations and Other Agreements**.

The United States and the defendant stipulate and agree that the offense occurred as described in the attached "United States's Version of Facts," and, that if this case proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

The defendant understands that the Court is not bound by the foregoing agreements but shall determine, with the aid of the pre-sentence investigation report, the facts relevant to sentencing.  The defendant understands that if the Court does not accept all, or any, of the foregoing agreements, such rejection by the Court will not be a basis for the defendant to withdraw his plea of guilty.

In exchange for the promises made by the United States in this Plea Agreement, the defendant understands and agrees not to seek to vacate or challenge any state or federal predicate counseled conviction that exists as of the date of this Plea Agreement.

The United States and the defendant agree that neither the United States nor the defendant will seek a departure from the otherwise applicable advisory sentencing guideline range.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and that the defendant is permitted to object to those enhancements.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate unless such recommendations are inconsistent with the terms of this Plea Agreement.

6. **Acceptance of Responsibility**.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A. fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

B.  challenges the United States' offer of proof at any time after the plea is entered;

C.  denies involvement in the offense;

D.  gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.  fails to give complete and accurate information about the defendant's financial status to the Probation Office;

F.  obstructs or attempts to obstruct justice, prior to sentencing;

G.  has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.  fails to appear in court as required;

I.  after signing this Plea Agreement, engages in additional criminal conduct; or

J.  attempts to withdraw the plea of guilty.

The defendant understands and agrees that the defendant may not withdraw the defendant's guilty plea if, for any of the reasons listed above, the United States does not recommend that the defendant receive a reduction in the defendant's sentence for

acceptance of responsibility.

The defendant also understands and agrees that the Court is under no obligation to reduce the offense level if it finds that the defendant has not accepted responsibility.

7. **Waiver of Trial Rights and Consequences of Plea**.

The defendant understands that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant.  The defendant understands that the defendant has the right:

- A. to plead not guilty or to maintain that plea if it has already been made;
- B. to be tried by a jury and, at that trial, the right to the assistance of counsel;
- C. to confront and cross-examine witnesses against the defendant;
- D. not to be compelled to provide testimony that may incriminate the defendant; and
- E. to compulsory process for the attendance of witnesses to testify in the defendant's defense.

The defendant understands that by pleading guilty the defendant waives and gives up those rights and that if a plea of guilty is accepted by the Court, there will not be a trial of any kind.

The defendant understands that if the defendant pleads guilty, the Court may ask the defendant questions about the offense, and if the defendant answers those questions falsely under oath, on the record, and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making false statements.

8.  **Acknowledgment of Guilt; Voluntariness of Plea**.

The defendant acknowledges that the defendant:

A.  is entering into this Plea Agreement and is pleading guilty freely and voluntarily because the defendant is guilty;

B.  is entering into this Plea Agreement without reliance upon any discussions with the United States and without promise of benefit of any kind except as described in this Plea Agreement;

C.  is entering into this Plea Agreement without threats, force, intimidation, or coercion of any kind;

D.  understands of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law; and

E.  is completely satisfied with the representation and advice received from the defendant's undersigned attorney.

9.  **Forfeiture of Firearm**

The parties agree that a third party, agreed upon by the Government and the defendant, will take custody of the firearms listed in the indictment, with the exception of the Sendra Corp, model XM15E2 (AR-15), .223 caliber rifle, serial number 07060, for the purpose of selling said firearms to a federally licensed firearms dealer.  Upon completion of the sale, defense counsel will provide a receipt of proof of sale to the Government.  The proceeds of the sale shall be provided to the defendant.

The defendant agrees to forfeit to the United States immediately and voluntarily any interest, ownership or claim he has in the Sendra Corp, model XM15E2 (AR-15), .223 caliber rifle, serial number 07060.  (see 18 U.S.C. § 924 (d)(1) and 18 U.S.C. § 3665).

10.  **Scope of Agreement**.

The defendant acknowledges and understands that this Plea Agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to the defendant with respect to any civil or administrative consequences that may result from the defendant's plea of guilty, because such matters are solely within the discretion of the specific administrative or government agency involved.  Finally, the defendant acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be

pending or which may arise involving the defendant.

11. **Collateral Consequences**.

The defendant understands that the defendant will be adjudicated guilty of the offense to which the defendant will plead guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

12. **Satisfaction of Federal Criminal Liability; Breach**.

The defendant's guilty plea, if accepted by the Court, will satisfy any federal criminal liability of the defendant in the District of New Hampshire as a result of the defendant's participation in the conduct which forms the basis of the indictment in this case.  The defendant understands that if, before sentencing, the defendant violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw from it.

13. **Waivers**.

A. **Appeal and Collateral Review.**

The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal.  The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's plea

should be set aside, or the defendant's sentence be set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255 or § 2241).

By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any right to appeal or to collaterally challenge:

1. The defendant's guilty plea and any other aspect of defendant's conviction, including, but not limited to, any pretrial dispositions of motions and issues, except, the defendant expressly reserves the right to appeal the Court's ruling on his pretrial suppression motion;

2. The imposition by the Court of a sentence which does not exceed the sentence recommended by the United States, even if the Court rejects one or more positions advocated by the U.S. Attorney or defendant with regard to the application of the advisory Sentencing Guidelines.

The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Plea Agreement which are held by the First Circuit or Supreme Court to have retroactive effect. The defendant's waiver of the right to collateral review

does not extend to claims that the plea was unknowing or involuntary or to claims that the defendant received ineffective assistance of counsel in the negotiation of the plea or plea agreement.

This Plea Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the United States therefore retains its appeal rights.

B.   **Freedom of Information and Privacy Acts.**

The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

14.   **No Other Promises**.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15.   **Final Binding Agreement**.

None of the terms of this Plea Agreement shall be binding on

the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16. **Agreement Provisions Not Severable**.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

                                                THOMAS P. COLANTUONO
                                                United States Attorney

Date: __6-8-06__      By: __/s/ Debra M. Walsh__
                                                Debra M. Walsh
                                                Special Assistant U.S. Attorney
                                                Bar No. 7944
                                                U.S. Attorney's Office
                                                55 Pleasant St., 4th Floor
                                                Concord, NH 03301
                                                (603) 225-1552

     The defendant, Donald McMullin, certifies that he has read this 14 page Plea Agreement and that he fully understands and accepts the terms thereof.

Date: __6-6-06__                                               __/s/ Donald McMullin__
                                                Donald McMullin, Defendant


     I have read and explained this 14 page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: __6/6/06__                                          __/s/ Jonathan R. Saxe__
                                                Jonathan R. Saxe, Esq.
                                                Attorney for Donald McMullin