UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                              Criminal No. 05-cr-142-01-SM

<u>Donald McMullin</u>

**O R D E R**

On today's date, defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on an alleged violation of conditions of supervision.

The petition charges that defendant violated Standard Condition no. 3 requiring that "the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." Specifically, the petition alleges that defendant failed to follow Probation Officer James Bernier's instruction when, on July 22, 2010, defendant left the State of Massachusetts and traveled to the Ossipee New Hampshire District Court, contrary to the specific instruction (communicated to defendant by Mr. Bernier on July 19, 2010) that defendant not leave the State of Massachusetts without Mr. Bernier's prior express permission.

Probation Officer James Bernier testified at the hearing that he gave Mr. McMullin specific instructions on July 19, 2010, to obtain his prior express permission before leaving the State

1

of Massachusetts.  During Mr. Bernier's conversation with Mr. McMullin on July 19, 2010, Mr. McMullin challenged Mr. Bernier's authority to place that condition on him.  Mr. Bernier explained to Mr. McMullin that the source of his authority was Standard Condition no. 3 which required Mr. McMullin to follow his instructions.  Mr. McMullin did not agree with Mr. Bernier's explanation.  On July 22, 2010, Mr. Bernier learned from a member of the Wakefield, New Hampshire, Police Department, that Mr. McMullin had traveled to Ossipee District Court to seek a modification of his bail conditions in that court.  Mr. McMullin did not seek Mr. Bernier's prior permission before traveling to Ossipee District Court.  The evidence showed that Mr. McMullin's decision to travel to Ossipee without obtaining Mr. Bernier's prior permission was an act of defiance rather than some sort of misunderstanding about either Mr. Bernier's instructions or the conditions of his supervision.  Indeed, in a conversation with Mr. McMullin on today's date and shortly before the hearing, Mr. McMullin expressly stated to Mr. Bernier that he had no intention of abiding by the rules of supervised release.

    Having weighed the evidence, and for the reasons stated on the record, I find probable cause that Mr. McMullin has violated Standard Condition no. 3 as charged in the Petition.

    Defendant sought bail conditions under Rule 32.1(a)(6). Under Rule 32.1(a)(6) defendant bears the burden of establishing

by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community. Based on the evidence presented at the hearing and for the reasons stated on the record, I find the defendant has failed to meet this burden and that there are no conditions which are likely to assure the safety of the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  July 29, 2010

cc:  William E. Christie, Esq.
     Debra M. Walsh, Esq.
     U.S. Probation
     U.S. Marshal