UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
    Government

    v.                                      Case No. 05-cr-142-1-SM
                                               Opinion No. 2014 DNH 213

Donald McMullin,
    Defendant


**O R D E R**


    Defendant has repeatedly failed to fulfill his obligation under the terms of his plea agreement to identify an acceptable third party agent to take custody of and sell a number of seized firearms that defendant is now prohibited from possessing (due to his felony conviction). Somewhat stymied by defendant's intransigence, the government now seeks a court order authorizing it to destroy those firearms. Defendant has filed no response.

    The government identifies some twelve (12) firearms to be destroyed. It would seem that the collection has more than de minimus economic value, and it is clear that it remains defendant's property. And, merely noting that defendant cannot lawfully possess the firearms is, of course, a long way from concluding that he does not retain a legal and equitable interest in the property. See e.g., United States v. Seifuddin, 820 F.2d 1074 (9th Cir. 1987) (convicted felons retain a non-possessory interest in seized firearms).

Moreover, the government's proposed destruction of defendant's property does not include any offer of just compensation, so probably raises serious Takings Clause issues. I doubt the government's right to simply confiscate and destroy non-forfeited property without first affording due process and payment of just compensation.

Several years ago, Senior Judge Longstaff offered a pragmatic and effective solution to the problem the government describes:  the court, exercising its equitable powers, may order the transfer of title to the firearms lawfully owned by a person later convicted of a felony (which are not subject to forfeiture or confiscation as contraband) for the felon-owner's benefit. <u>United States v. Approximately 627 Firearms</u>, 589 F. Supp. 2d 1129, 1140 (S.D. Iowa 2008).  <u>See also</u> <u>Cooper v. City of Greenwood</u>, 904 F.2d 302, 306 (5th Cir. 1990).  ("We see no reason that a court . . . could not order a sale for the account of a claimant who . . . legally could not possess firearms, were forfeiture to be denied for any reason.")  Since defendant has shown no interest in protecting his own property rights, has failed to respond to the government's entreaties to comply with his plea agreement obligations (which are in his own best interests), and has shown no interest even in responding to the government's motion seeking authorization to destroy the property, it would serve no useful purpose to afford him yet

another opportunity to identify an acceptable transfer agent. Instead, the court will authorize the government to arrange a commercially reasonable sale of the property for defendant's benefit.

## Conclusion

The government's Motion for an Order Authorizing the Destruction of Certain Firearms (document no. 174) is denied. Nevertheless, the government is hereby authorized to arrange for a commercially reasonable sale, in its discretion and at its convenience, of the firearms identified in that motion, and to remit the net proceeds of the sale to defendant, after deducting reasonable costs associated with the sale (preparation, advertising, fees, etc.).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 3, 2014

cc: Sven D. Wiberg, Esq.
    Debra M. Walsh, AUSA
    U.S. Marshal
    U.S. Probation